UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOYCE A. RYAN-WERRY,

          Plaintiff,

      v.

CAROLYN W. COLVIN,

          Defendant.

CASE NO. C12-5445-JLR-JPD

ORDER ADOPTING REPORT
AND RECOMMENDATION

## I.    INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R")
of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 13)), and Ms.
Ryan-Werry's objections thereto (Objections (Dkt. # 14)).  Having carefully reviewed all
of the foregoing, along with all other relevant documents and the governing law, the court
ADOPTS the R&R (Dkt. # 13) and DISMISSES Ms. Ryan-Werry's complaint with
prejudice.

ORDER- 1

## II.    BACKGROUND

This is an appeal from a denial of Disability Insurance Benefits ("DIB").  Plaintiff Joyce A. Ryan-Werry is a 48-year-old woman with "bipolar disorder, neurological pain and weakness (possibly multiple sclerosis), chronic fatigue, diabetes, and psychosis," amongst other symptoms.  (Administrative Record ("AR") (Dkt. # 7) at 163.)  She has not been gainfully employed since June 25, 2005.[1]  (*Id*.)  She last worked in 2007, although the Administrative Law Judge ("ALJ") determined that the work "did not rise to the level of substantial gainful activity."  (*Id*. at 2, 31, 155.)

Ms. Ryan-Werry applied for DIB on November 21, 2008, under the Social Security Act.  (*Id*. at 146-47.)  For Ms. Ryan-Werry to receive Social Security disability benefits she must show that her disability began no later than her last insured, December 31, 2008.  (*Id*. at 30; *see* 42 U.S.C. § 423 (a).)  Her application was denied by the Commissioner of the Social Security Administration and was denied again on reconsideration.  (*Id*. at 84-86, 90-92.)  She requested a hearing (*id*. at 93-94), which was granted, and which was held on May 19, 2011, before ALJ Wayne N. Araki (*id*. at 47-81).  The ALJ issued a decision upholding the Commissioner's finding that Ms. Ryan-Werry was not disabled under sections 216(i) and 223(d) of the Social Securities Act.[2]

_____

[1] The ALJ and Magistrate Judge's decisions refer to a disability onset date of June 25, 2005, while Plaintiff alleged an onset date of May 21, 2006, in her application materials.  (R&R 2, 5; AR at 51, 146.)

[2] Disability as defined by the Social Securities Act is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a

1  (*Id*. at 26-46.)  Ms. Ryan-Werry requested review of the ALJ ruling by the Appeals

2  Council on July 25, 2011, and her request was denied on March 15, 2012.  (*Id*. at 1-6.)

3        Ms. Ryan-Werry appealed the ALJ's ruling and filed a timely complaint in Federal

4  District Court.  (*See generally* Compl.)  She argues that she is in fact disabled under the

5  Social Securities Act and that the ALJ erred by concluding otherwise.  (*Id*.)  In her

6  opening brief, Ms. Ryan-Werry raised four issues arguing that the ALJ erred in his ruling:

7  (1) the ALJ failed to properly evaluate the medical evidence; (2) the ALJ failed to

8  properly evaluate Ms. Ryan-Werry's testimony regarding her symptoms and limitation;

9  (3) the ALJ failed to properly evaluate lay witness evidence; and (4) the ALJ failed to

10  properly assess Plaintiff's residual functional capacity.[3]  (Pl's Op. Br. (Dkt. # 10) at 1.)

11  Magistrate Judge James P. Donohue did not agree with Ms. Ryan-Werry's arguments and

12  issued an R&R recommending the ALJ decision be affirmed in full.  (*See generally*

13  R&R.)

14              **III.   STANDARD OF REVIEW**

15        A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive

16  matters.  Fed. R. Civ. P. 72(b).  "A judge of the court may accept, reject, or modify, in

17  whole or in part, the findings or recommendations made by the magistrate judge."  28

18  U.S.C. § 636(b)(1).  The court reviews de novo those portions of the R&R to which

19

20  continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *Molina v. Astrue*, 674
    F.3d 1104, 1110 (9th Cir. 2012).

21        [3] Plaintiff's opening brief raised five arguments asserting that the ALJ erred.  The

22  Magistrate Judge combined the fourth and first alleged ALJ errors, and thus the fifth error
    became the fourth error.  (R&R at 6.)

1  specific written objection is made.  Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*,

2  328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The statute makes it clear that the

3  district judge must review the magistrate judge's findings and recommendations de novo

4  if objection is made, but not otherwise." *Id.*

5      While review of an R&R is de novo, the court must defer to the ALJ's findings

6  and may set aside the Commissioner's denial of Social Security benefits only if the ALJ's

7  findings are based on legal error or not supported by substantial evidence in the record.

8  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).

9  "Substantial evidence means more than a mere scintilla, but less than a preponderance.  It

10  means such relevant evidence as a reasonable mind might accept as adequate to support a

11  conclusion." *Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 690 (9th Cir. 2009)

12  (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir.

13  1988) (internal quotation marks and citations omitted)).

14      The court must examine the record as a whole and may not reweigh the evidence

15  or substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d

16  947, 954 (9th Cir. 2002).  The ALJ determines credibility, resolves conflicts in medical

17  testimony, and resolves any other ambiguities that may exist. *Andrews v. Shalala*, 53

18  F.3d 1035, 1039 (9th Cir. 1995).  When the evidence is susceptible to more than one

19  rational interpretation, the court must uphold the ALJ's conclusion. *Thomas*, 278 F.3d at

20  954.

21

22

1

# IV.   DISCUSSION

2        Ms. Ryan-Werry objects to the R&R in its entirety and asserts that the ALJ and

3    Magistrate Judge erred in finding that she was not disabled.  (*See generally* Objections.)

4    Ms. Ryan-Werry asks the court to decline to adopt the Magistrate Judge's R&R and

5    reverse the ALJ's decision, either awarding her Social Security benefits or remanding the

6    case for further proceedings.  (*Id*. at 12.)

7        The court has reviewed the record and governing law and concludes that

8    substantial evidence supports the Magistrate Judge's R&R and the ALJ's findings,

9    although the court notes one harmless error.  As an initial matter, the court upholds the

10   Magistrate Judge's R&R in full that:  (1) the ALJ did not err in evaluating the medical

11   opinions of Drs. Daniel, Taylor, Wingate and McCollom; (2) the ALJ did not err in

12   discounting Ms. Ryan-Werry's credibility; and (3) the ALJ did not err at step four in

13   evaluating Ms. Ryan-Werry's residual functional capacity.[4]  (*See generally* R&R.)  None

14   of Plaintiffs's objections raise new issues that were not addressed by Magistrate Judge

15   Donohue's R&R.  (*See generally* Objections.)  Following a de novo review of Plaintiff's

16   objections and the administrative record, the court independently agrees with the

17   Magistrate Judge's R&R addressing Ms. Ryan-Werry's arguments.

18       Although the court upholds the ALJ's final determination and the Magistrate

19   Judge's R&R to discount Mr. Werry's (Plaintiff's husband) testimony, the court does not

20   _____

21       [4] The Social Security Administration's Commissioner has established a five step
     sequential evaluation process for determining whether a claimant is disabled within the meaning

22   of the Act.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); *see also Bustamante v. Massanari*, 262 F.3d
     949, 953-54 (9th Cir. 2001).

agree with both prongs of reasoning used by the ALJ and Magistrate Judge to reach this conclusion.  (Objections at 11-12.)  The ALJ and Magistrate Judge discount Mr. Werry's testimony because of (1) "his status as a member of Plaintiff's family" and (2) the similarity of his testimony to that of Ms. Ryan-Werry's, and the reasons that ALJ discounted Plaintiff's symptom testimony apply to the symptoms described by Mr. Werry.  (R&R at 15-16.)  The court agrees with the second prong of the reasoning, but not the first.

To discount testimony of lay witnesses, an ALJ "must give reasons that are germane to each witness."  *Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 694 (9th Cir. 2009) (quoting *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.1993)).  The ALJ was correct to discount Mr. Werry's testimony because the ALJ "provided clear and convincing reasons for rejecting [Plaintiff's] own subjective complaints, and because [Plaintiff's spouse's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the spouse's] testimony."  *Id*.  However, the ALJ was incorrect to discount Mr. Werry's testimony because he was a member of Plaintiff's family.  *See id*.  In *Valentine*, the court found that discrediting a witness solely on the grounds that the witness was a member of plaintiff's family was improper.  *See id*. The *Valentine* court explained that "[reliance] on characteristics common to all spouses" did not provide germane reasons to discount the spouse's testimony.  *See id*.  Thus, here, it was improper to discount Mr. Werry's testimony on the basis that Mr. Werry is Plaintiff's spouse.  Nevertheless, as explained below, the court finds such error harmless.

1    Courts "have long recognized that harmless error principles apply in the Social

2  Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012); *Stout v.*

3  *Comm'r Soc. Sec Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006).  Legal errors are deemed

4  harmless when "it is clear that they do not alter the ALJ's decision."  *Molina*, 674 F.3d at

5  1115; *see Brawner v. Sec. of Health & Human Services*, 839 F.2d 432, 434 (9th Cir.

6  1988); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).  Legal error is also

7  harmless if the ALJ has provided one or more valid reasons, which are supported by the

8  record, for disbelieving testimony.  *Molina*, 674 F.3d at 1115; *see Bray v. Comm'r Soc.*

9  *Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Carmickle v. Comm'r Soc. Sec. Admin*,

10  533 F.3d 1155, 1162-63 (9th Cir. 2008); *Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d

11  1190, 1195-97 (9th Cir. 2004).  Lastly, legal error does not abate the ALJ's decision to

12  discredit testimony so long as the error "'does not negate the validity of the ALJ's

13  ultimate conclusion.'"  *Molina*, 674 F.3d at 1115 (quoting *Batson*, 359 F.3d at 1197); *see*

14  *also Carmickle*, 533 F.3d at 1162.  Here the court concludes that the legal error of

15  discrediting Mr. Werry's testimony because he was Plaintiff's husband did not alter or

16  negate the ALJ's ultimate conclusion because there was another valid reason to discredit

17  the testimony.  (R&R at 15-16.)  As explained above, the ALJ properly discounted Mr.

18  Werry's testimony because the court properly discredited Ms. Ryan-Werry's testimony,

19  and the two testimonies were similar.  *See Valentine*, 574 F.3d 685.  The error was

20  "inconsequential to the ultimate nondisability determination" because the error did not

21  alter the outcome of the claim.  *Molina* 674 F.3d at 1115; *Carmickel*, 533 F.3d at 1162;

22

ORDER- 7

1  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008); *Robbins v. Soc. Sec. Admin.*,

2  466 F.3d 880, 885 (9th Cir. 2006); *Stout*, 454 F.3d at 1055.

3       In sum, the court has thoroughly examined the record before it and finds the

4  Magistrate Judge's reasoning persuasive in light of the record, with the one exception of

5  harmless error.  Accordingly, the court independently rejects Plaintiff's arguments for the

6  same reasons as Magistrate Judge Donohue and the ALJ.

7  **V.     CONCLUSION**

8       For the foregoing reasons, the court hereby ORDERS as follows:

9       (1) The court ADOPTS the Report and Recommendation (Dkt. # 13) in its

10  entirety;

11       (2) The court AFFIRMS the ALJ's findings in their entirety; and

12       (3) The court DIRECTS the Clerk to send copies of this Order to Ms. Ryan-Werry,

13  to counsel for the Commissioner, and to Magistrate Judge James P. Donohue.

14       Dated this 19th day of June, 2013.

15

16

17  JAMES L. ROBART
United States District Judge

18

19

20

21

22

ORDER- 8